IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER AGUILAR, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-211-K-BN |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Defendant Wells Fargo Bank, N.A. filed a Motion to Dismiss. *See* Dkt. No. 17. Plaintiffs Javier Aguilar and Elba Aguilar have not filed a response, despite being given the opportunity to do so, and the time to file a response has passed. *See* Dkt. No. 21.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiffs purchased real property located at 3523 Brandon Street, Dallas, Texas, on April 11, 2006. *See* Dkt. No. 1-4 at 3. To finance the purchase, Plaintiffs executed a promissory note (the "Note") to Summit Mortgage Corporation ("SMC"). *See*

*id.* The Note was secured by a Deed of Trust lien to SMC and its successors and assigns. SMC was identified as the lender in both the Note and Deed of Trust. *See* Dkt. No. 1-4 at 3. Mortgage Electronic Registration Systems, Inc. ("MERS") was designated in the Deed of Trust as nominee for the lender and its successors and assigns. *See id.*; Dkt. No. 19-1 at 2 (Deed of Trust). The Deed of Trust granted a power of sale to the lender and its successors and assigns in the event of default. *See id.* at 2, 5 ¶9, 7 ¶ 18.

On June 7, 2012, MERS assigned the Deed of Trust to Wells Fargo. *See* Dkt. No. 19-2). The Assignment was filed in the real property records of Dallas County, Texas. *See id.* Wells Fargo took steps to foreclose on the Deed of Trust lien by filing a Notice of Acceleration and Notice of Trustee's Sale with the Dallas County Clerk. *See* Dkt. No. 1-4 at ¶¶ 4, 6 & 9.

Plaintiffs filed this lawsuit in the 101st Judicial District Court of Dallas County, Texas, on December 31, 2015, to prevent foreclosure on their property. *See* Dkt. No. 1-4. Plaintiffs seek a declaratory judgment stating that Wells Fargo has no interest in the Note or Deed of Trust and that it cannot invoke the power of sale to foreclose. Plaintiffs also seek to quiet title to the property, relief for trespass to try title, and a refund from Wells Fargo of all "wrongfully collected" fees, charges and payments paid under the Note and Deed of Trust. *Id.* at 5, 6. Plaintiffs do not deny that they defaulted on their mortgage loan but argue that any debt they "might have owed" was to SMC, not Wells Fargo. *See id.* at 4.

Wells Fargo timely removed the lawsuit to this court on January 26, 2016. *See*

Dkt. No. 1.

Plaintiffs' attorneys withdrew as counsel on September 8, 2016, *see* Dkt. No. 13, and Plaintiffs now represent themselves *pro se*.

Wells Fargo then filed its Motion to Dismiss. *See* Dkt. No. 17. Wells Fargo contends that public records establish a clear, unbroken chain of title of the Deed of Trust to Wells Fargo. Wells Fargo also argues that Plaintiffs seem to be arguing the rejected "show me the note" and "split the note" theories; that Plaintiff's suit for quiet title and trespass to try title fail as a matter of law; and that the claims for declaratory judgment, monetary relief, and attorneys' fees should be dismissed because Plaintiffs do not plead any viable claims.

Plaintiffs did not file a response to the Motion to Dismiss.

The undersigned now concludes that the Motion to Dismiss should be granted and Plaintiffs' claims dismissed with prejudice.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to

-4-

dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to

a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, ___ F. App'x ___, No. 16-60291, 2016 WL 7209719, at *2 (5th Cir. Dec. 12, 2016) (internal quotation

marks and citations omitted).

## Analysis

I.    <u>Plaintiffs' Chain-of-Title Argument</u>

Plaintiffs primarily challenge Wells Fargo's standing to foreclose by attacking Wells Fargo's chain of title. Plaintiffs allege that Wells Fargo has no interest in the Note or Deed of Trust and cannot foreclose because there is no recorded assignment of the Note or Deed of Trust from the original lender, SMC, to either MERS or Wells Fargo.

An understanding of MERS and Texas law is critical to resolving this issue. *See Chevez v. HSBC Bank USA, Nat'l Ass'n*, No. 3:12-cv-3686-L, 2013 WL 1335611, at *3 (N.D. Tex. Mar. 1, 2013). Here, the role of MERS was clearly established in the Deed of Trust, as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including but not limited to, releasing and canceling this Security Instrument.

Dkt. No. 19-1 at 3. The Court in *Richardson v. CitiMortgage, Inc.* provided a helpful explanation in a case in which the Court construed a deed of trust with language identical to that in this case. *See* No. 6:10-cv-119, 2011 WL 4818556, at *1, 5 (E.D. Tex. Nov. 22, 2010); *see also Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-458, 2011 WL 6838615, at *4 (E.D. Tex. Nov. 16, 2011), *rec. adopted*, 2011 WL 6838614 (E.D.

Tex. Dec. 29, 2011). The *Richardson* Court

> noted that the role of MERS has been the subject of federal multidistrict litigation in *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F. Supp. 2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009). The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. *Id.* at 1370. The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale. *Id.* at 1370 n.6. MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system," which means a "national book system for registering a beneficial interest in security instrument and its successors and assigns." As noted in *Athey*, mortgage documents provide for the use of MERS and the provisions are enforceable to the extent provided by the terms of the documents.

2010 WL 4818556, at *5. "Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale." *Id.* (citing *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010, pet. denied)).

Against this background understanding, Plaintiffs' allegations about the authority of MERS to assign the Deed of Trust lack merit and are contradicted by the public documents referenced in their state court petition. In the instant case, MERS was the nominee for SMC and its successors and assigns. MERS therefore had the authority to transfer the rights and interests in the Deed of Trust to Wells Fargo. The role of MERS in this case was consistent with the Deed of Trust, and there was no requirement for a separate assignment from the original lender to MERS, much less one that was recorded in the real property records of Dallas County. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) ("Under Texas law, there is no requirement that the deed of trust assignment be recorded.").

The chain of assignments was sufficient to establish Wells Fargo's standing to foreclose. *See JP Morgan Chase Bank, N.A. v. Dixon*, 541 F. App'x 423, 428 (5th Cir. 2013).

II.   Plaintiffs' "Split-the-Note" and "Show-Me-the-Note" Theories

Wells Fargo argues that Plaintiffs also seem to allege that Wells Fargo has no standing to foreclose because it is not the holder or owner of the Note. If so, this is contrary to well-established Texas law and has been rejected by Texas courts. *See, e.g.*, *Bennett v. JPMorgan Chase*, No. 3:12-cv-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *rec. adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012); *Puig v. Citibank, N.A.*, No. 3:11-cv-0270-L, 2012 WL 1835721, at *5-*6 (N.D. Tex. May 12, 2012); *Wells v. BAC Home Loans Servicing, L.P.*. No. W-10-CA-350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011).

Advocates of this show-me-the-note theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure. *See Clark v. Bank of America NA*, No. 3:12-cv-1277-N-BK, 2012 WL 4793465, at *7 (N.D. Tex. Aug. 1, 2012), *rec. adopted*, 2012 WL 4793439 (N.D. Tex. Oct 9, 2012) (citing cases). "Courts in this and neighboring districts have 'roundly rejected this theory ... because foreclosure statutes simply do not require possession or production of the original note.'" *Id.* (internal quotation marks omitted) (citing cases). The corollary "split-the-note" theory, likewise, "has enjoyed only a modicum of acceptance" and has not "been embraced by Texas state courts and federal courts that

have addressed the issue and interpreted Texas law." *Summers v. PennyMac Corp.,* No. 3:12-cv-1235-L, 2012 WL 5944943, at *5 (N.D. Tex. Nov. 28, 2012). And both theories have been rejected by the Fifth Circuit as viable challenges to foreclosure where, under Texas law, "[t]he original, signed note need not be produced in order to foreclose" and "where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned," such that "[t]he party to foreclose need not possess the note itself." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-56 (5th Cir. 2013); *accord Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 555-56 (5th Cir. 2015) (explaining that, "contrary to [the split-the-note] theory, the Texas Supreme Court has held that the sale of a promissory note transfers the rights in the deed of trust to the new noteholder regardless of whether the deed is actually transferred as well" and that, in *Martins*, "this court, interpreting Texas law, has explicitly rejected the split-the-note theory in the context of MERS transfers" (footnote omitted)); *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 226 n.12 (5th Cir. 2013) ("Notably, the Reinagels do not argue that Deutsche Bank must produce the original, wet-ink note in order to foreclose. As the Reinagels concede, most courts, including district courts in this Circuit, have rejected the 'show-me-the-note' defense, holding that though a mortgagee must establish that it owns the note to foreclose, it need not produce the original." (emphasis removed)).

Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. *See*

*Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942) (stating that the trustee derives its authority to sell solely from the deed of trust); *Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). It is an independent action against the collateral and may be conducted without judicial supervision. *See* TEX. PROP. CODE § 51.002; *Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied) (noting that foreclosure is an *in rem* proceeding). Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding. *See* TEX. BUS. & COM. CODE § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.*, 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.).

Furthermore, Texas courts have refused to conflate foreclosure with enforcement of a promissory note. "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute <u>separate obligations</u>." *Aguero*, 70 SW.3d at 374 (emphasis added). The right to recover on a note and the right to foreclose are severable and may be enforced separately. *See Carter v. Gray*, 125 Tex. 219, 221, 81 S.W.2d 647, 648 (1935).

Plaintiffs have "not cited to any statute or other authority that requires a mortgagee or mortgage servicer to produce the original note," and, "[t]o the contrary, the Texas Property Code allows either a mortgagee or mortgage servicer to administer a deed of trust foreclosure *without* production of the original note." *Ortiz v. Wells Fargo Bank, N.A.*, No. 3:11-cv-2131-N-BD, 2011 WL 6097857, at *2 (N.D. Tex. Oct. 21, 2011),

*rec. adopted*, 2011 WL 6058034 (N.D. Tex. Nov. 30, 2011) (citing cases); *see also Coleman v. Bank of America, N.A.*, No. 3:11-cv-430-G-BD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011) (same); *Broyles v. Chase Home Fin.*, No. 3:10-cv-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) ("The Property Code, therefore, contemplates that someone other than the holder of the original note – for example, a mortgage servicer who is not the mortgagee – may lawfully foreclose on the security interest, and the plaintiffs have not identified, and the court has not found, any provision in Chapter 51 of the Property Code that requires a mortgage servicer to produce the original note prior to foreclosure." (citation omitted)).

Accordingly, to the extent that Plaintiffs' claims are based on the "show-me-the-note" or "split-the-note" theories, those claims should be dismissed with prejudice.

III.   Suit to Quiet Title and Trespass to Try Title Claims

A suit to quiet title, also known as a suit to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.). Such a suit exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Out,* 606 S.W.2d 942, 952 (Tex. Civ. App. – Waco 1980, writ ref'd n.r.e.) (quoting *Thompson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). To prevail on a claim to quiet title, a plaintiff must show that: (1) she has an interest in a specific property; (2) title to the property is

affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.) (citations omitted); *accord Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir.2014) ("Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid."). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE § 22.001. "In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate

-13-

possession." *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex. App. – Corpus Christ 1978, no writ) (citing TEX. R. CIV. P. 783). To prevail on a trespass to try title claim, a plaintiff must "usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Merman,* 133 S.W.3d 262, 265 (Tex. 2004). As with a suit to quiet title, "the plaintiff must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 235 (citing *Hejl v. Wirth*, 161 Tex. 609, 610, 343 S.W.2d 226, 227 (1961); *Kauffman v. Shellworth*, 64 Tex. 179 (1885)); *accord Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 217 (5th Cir. 2015) ("Quiet-title claims and trespass-to-try-title claims require a plaintiff to prove a basis for his right to title.").

Plaintiffs do not allege facts that, if proved, would establish their superior title. Plaintiffs simply allege that they have superior title because they received a warranty deed from the sellers of the property and assert Wells Fargo cannot have an interest in the Deed of Trust because there is no direct conveyance from SMC to Wells Fargo. But Plaintiffs also acknowledge entering the Note and Deed of Trust and do not allege that they are current on their mortgage payments. *See Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 590 (N.D. Tex. 2013).

Accordingly, Plaintiffs have failed to state a claim for either a suit to quiet title or trespass to try title and those claims should be dismissed with prejudice. *See*

*Summers v. PennyMac Corp.*, No. 3:12-cv-1235-L, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012) (dismissing claim for suit to quiet title based on similar allegations).

IV.     Declaratory Judgment, Monetary Damages and Attorney's Fees

Plaintiffs seek declaratory judgment that Wells Fargo did not acquire any interest in the Note or Deed of Trust and that Wells Fargo has no right to invoke the power of sale. *See* Dkt. No. 1-4 at 4-6. Wells Fargo asserts that Plaintiffs' declaratory judgment claim should be dismissed because Plaintiffs have not alleged any viable claims. *See* Dkt. No. 18 at 17.

Federal "district courts cannot award relief pursuant to the Texas Declaratory Judgment Act ('TDJA') because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, No. 3:09-cv-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988) (internal quotation marks omitted). Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012).

The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interest party. 28 U.S.C. §§ 2201-2202; *Hurd*, 880 F. Supp. 2d at 769. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers,* 363 U.S. 666, 677 (1960). Like the TDJA, the FDJA is a procedural device that creates no substantive

rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* A plaintiff seeking declaratory relief must therefore allege a "substantial and continuing" controversy, which the Fifth Circuit has likened to the Article III standing requirement of an existing case or controversy. *See Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003). "The Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Id.* And, further, a request for declaratory judgment is remedial in nature and depends upon the assertion of viable causes of action. *See Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

As discussed above, Plaintiffs have failed to allege facts demonstrating a justiciable controversy. Accordingly, the declaratory judgment claim should be dismissed.

Plaintiffs also request a refund of "the fees, costs, and all payments wrongfully collected" by Wells Fargo, *see* Dkt. No. 1-4 at 5-6, but they state no claim or other legal basis to support recovery of monetary damages. And Plaintiffs request an award of attorneys' fees, *see id.* at 6, but they have not plead any viable claims that would allow for the recovery of attorney's fees. Accordingly, Plaintiffs' claims for damages should also be dismissed.

V.   <u>Amendment of Pleadings</u>

Federal Rule of Civil Procedure 15(a)(2)'s command that "[t]he court should

-16-

freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Because the undersigned concludes that Plaintiffs' claims are not legally viable, no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted. The undersigned therefore concludes that Plaintiffs cannot set fort any allegations to state a claim upon which relief can be granted regarding their quiet title claim or request for declaratory judgment and that further attempts to amend would be futile and unnecessarily delay the action's resolution.

**Recommendation**

The Court should grant Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Dkt. No. 17] and dismiss Plaintiffs' claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE